IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JEREMIAH A. LEAVY,

    Petitioner,

v.                                                No. 2:05-cv-02916-JDB-tmp

KENNETH HUTCHISON,

    Respondent.

---

ORDER DIRECTING CLERK TO MODIFY DOCKET,
DENYING RULE 60(b) MOTION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

---

Before the Court is the motion of Petitioner, Jeremiah Leavy, for relief from judgment. (Docket Entry ("D.E.") 10.) For the reasons that follow, the motion is DENIED.[1]

Petitioner is a Tennessee state prisoner serving sentences for first degree murder, aggravated robbery, and especially aggravated kidnapping. In 2005, he filed a *pro se* habeas corpus petition (the "Petition") in this Court pursuant to 28 U.S.C. § 2254. (D.E. 1.)

The Court denied the Petition on June 1, 2006, holding that several claims were procedurally defaulted, and the remaining claims were without merit. (D.E. 4.) Judgment was entered on June 5, 2006. (D.E. 5.) On appeal, Petitioner was denied a certificate of appealability ("COA"). (D.E. 9.)

Six years after entry of judgment in this case, the United States Supreme Court held in *Martinez v. Ryan*, 566 U.S. 1, 14 (2012), that the ineffectiveness of post-conviction counsel may

---

[1]The Clerk of Court is **DIRECTED** to modify the docket to reflect Kenneth Hutchison as Respondent. *See* Fed. R. Civ. P. 25(d).

be cause to excuse the default of an ineffective-assistance-of-trial-counsel claim. Two years later, the Sixth Circuit held, in *Sutton v. Carpenter*, 745 F.3d 787 (6th Cir. 2014), that "the rule in *Martinez* applies to Tennessee convictions." *Sutton*, 745 F.3d at 790.

On February 7, 2017, Leavy filed a document styled "Motion to Vacate Portions of this Court Ruling and Consider on the Merits Procedurally Defaulted Issues Valid for Habeas Review." (D.E. 10.) Petitioner requests that the Court vacate its judgment pursuant to Federal Rule of Civil Procedure 60(b)(5) and address certain claims on the merits in light of *Martinez* and *Sutton*. He argues that his post-conviction counsel's failure to raise the claims establishes cause to excuse his procedural defaults. Respondent, Kenneth Hutchison, has not answered the motion.

Before the Court considers the merits of the prisoner's request for relief from judgment, it must be satisfied that the motion is not a second or successive habeas petition prohibited by § 2244 of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244 *et seq*. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005) (recognizing that a Rule 60(b) motion may be a second or successive habeas petition in disguise). Under AEDPA, state prisoners ordinarily may file only one § 2254 petition, and there are severe restrictions on a district court's ability to consider "second or successive" petitions:

(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless --

    (A)   the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(1)-(2).

Section 2244(b) is implicated where a Rule 60(b) motion contains a "claim." *Gonzalez*, 545 U.S. at 530. A motion presents a claim when it "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim *on the merits*." *Id.* at 532. A claim is not presented if the motion challenges "some defect in the integrity of the federal habeas proceedings," such as "assert[ing] that a previous ruling which precluded a merits determination was in error -- for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at 532 & n.4.

Leavy seeks an order from this Court vacating the judgment on the ground that his procedural defaults no longer bar merits review of certain claims after *Martinez* and *Sutton*. Accordingly, the Rule 60(b) motion does not present a claim, and is thus not a second or successive petition. *See, e.g., Short v. Donahue*, No. 3:14-cv-02313, 2018 WL 3646902, at *2 (M.D. Tenn. July 31, 2018) (holding that petitioner's request for relief from judgment on ground "that the [c]ourt erred in determining that certain ineffective assistance of counsel claims were procedurally defaulted" was "not a 'claim,'" and therefore not a second or successive petition). The Court must therefore consider whether the inmate is entitled to relief from the judgment in this case under Rule 60(b).

The rule provides that,

> [o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;

3

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

A party seeking relief under any subsection of Rule 60(b) must show that he filed his motion "within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "A reasonable time depends on the factual circumstances of each case, and a moving party must articulate a reasonable basis for delay." *Tyler v. Anderson*, 749 F.3d 499, 510 (6th Cir. 2014) (citation omitted).

Leavy argues that he is entitled to relief from judgment under Rule 60(b)(5). The subsection does not apply in this case, however, as Petitioner has not shown any of the preconditions for its application. *See Wogoman v. Abramajtys*, 243 F. App'x 885, 888 (6th Cir. 2007) (holding that application of "Rule 60(b)(5) . . . is limited to a judgment based on a prior judgment reversed or otherwise vacated -- based in the sense of res judicata, or collateral estoppel, or somehow part of the same proceeding," citing 7 J. Moore & J. Lucas, Moore's Federal Practice § 60.26[3], at 60-246 to 60-248 (1987) (the subsection "does not authorize relief from a judgment on the ground that the law applied by the court making its adjudication has been subsequently overruled or declared erroneous in another and unrelated proceeding.")).

Even if Petitioner means to argue that relief from judgment is warranted pursuant to one of the other subsections of Rule 60(b), his motion must still be denied because it is untimely. Most

obviously, subsections (1), (2), and (3) cannot provide relief because the motion was filed more than a year after entry of the judgment. Leavy is also not entitled to relief under subsections (4) and (6) because he did not file the motion within a reasonable time. The Supreme Court's ruling in *Martinez* was issued in 2012, and *Sutton* was decided in 2014. The inmate did not file his motion until 2017 and has not alleged a reason for the substantial delay.

Relief under subsection (6), in particular, is also not warranted for an additional reason. The Sixth Circuit has "consistently held that *Martinez*[,] . . . as [an] intervening decision[], do[es] not alone 'sufficiently change the balance of the factors for consideration under Rule 60(b)(6) to warrant relief.'" *Miller v. Mays*, 879 F.3d 691, 698 (6th Cir. 2018) (quoting *Henness v. Bagley*, 766 F.3d 550, 557 (6th Cir. 2014)), *petition for cert. docketed,* No. 18-5597 (U.S. Aug. 15, 2018). "This is because [the Sixth Circuit] do[es] not interpret *Martinez* . . . as 'a change in the constitutional rights of criminal defendants, but rather as an adjustment of an equitable ruling as to when federal statutory relief is available.'" *Id.* at 698-99 (alteration omitted) (quoting *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750-751 (6th Cir. 2013)). Petitioner's sole argument for relief from judgment is the issuance of decisions in *Martinez* and *Sutton*. He does not assert some equitable reason beyond that fact which would justify relief under subsection (6).

The motion for relief from judgment is therefore DENIED.

APPEAL ISSUES

A petitioner who wishes to appeal the denial of a Rule 60(b) motion in a § 2254 proceeding must secure a COA. *Johnson v. Bell*, 605 F.3d 333, 336 (6th Cir. 2010). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have

5

been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny the Rule 60(b) motion. Because any appeal by Petitioner does not deserve attention, the Court DENIES a COA.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reasons it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[2]

IT IS SO ORDERED this 24th day of August 2018.

                                        s/ J. DANIEL BREEN
                                        UNITED STATES DISTRICT JUDGE

---

[2] If Petitioner files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.