IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JEREMIAH A. LEAVY,                    )
                                      )
        Petitioner,                   )
                                      )
v.                                    )            Case No. 2:05-cv-02916-JDB-tmp
                                      )
BRIAN ELLER, WARDEN,                  )
                                      )
        Respondent.                   )
                                      )

ORDER CONSTRUING MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED.
R. CIV. P. 60(b)(6) AS SECOND OR SUCCESSIVE § 2254 PETITION
AND
TRANSFERRING TO SIXTH CIRCUIT COURT OF APPEALS

The Petitioner, Jeremiah A. Leavy, an inmate at the Northeast Correctional Complex in

Mountain City, Tennessee, has filed a pro se motion for relief from judgment under Rule 60(b)(6)

of the Federal Rules of Civil Procedure (the "Motion"), requesting reconsideration of the Court's

denial of his petition under 28 U.S.C. § 2254 (the "Petition").   (Docket Entry ("D.E.") 22.)

BACKGROUND

Leavy is a Tennessee state prisoner serving a life sentence with the possibility of parole for

first-degree murder, as well as an eight-year sentence for aggravated robbery and a fifteen-year

sentence for especially aggravated kidnapping.   *See State v. Adams*, No. W1998-00531-CCA-R3-

CD, 1999 WL 1565193 (Tenn. Crim. App. Dec. 21, 1999).   His pro se petition pursuant to the

Tennessee Post-Conviction Procedure Act was subsequently denied, *see Leavy v. State*, No.

W2001-03031-CCA-R3-PC, 2004 WL 42220 (Tenn. Crim. App. Jan. 8, 2004).   This Court denied

the Petition in an order entered June 1, 2006, concluding that several claims were procedurally

defaulted and those remaining lacked merit. (D.E. 4.) Judgment was entered June 5, 2006. (D.E. 5.) Petitioner subsequently appealed, and the United States Court of Appeals for the Sixth Circuit denied his motion for a certificate of appealability ("COA") on November 20, 2006. (D.E. 9.)

On February 7, 2017, he filed a document entitled "Petitioner's Motion to Vacate Portions of this Court Ruling and Consider on the Merits Procedurally Defaulted Issues Valid for Habeas Review," in which he requested that the Court vacate its judgment pursuant to Fed. R. Civ. P. 60(b)(5) and address certain claims on the merits in light of *Sutton v. Carpenter*, 745 F.3d 787 (6th Cir. 2014). (D.E. 10.) He asserted therein that his post-conviction counsel's failure to raise those claims established cause to excuse his procedural default. On August 24, 2018, the Court denied the motion on the grounds that he had not demonstrated entitlement to relief pursuant to any subsection of Rule 60(b). (D.E. 16.) The Court also denied a COA and leave to appeal in forma pauperis, finding that any appeal would not be taken in good faith. The Court entered judgment on September 12, 2018. (D.E. 17.)

On July 24, 2018, Leavy applied under 28 U.S.C. § 2244 for permission to file a second or successive habeas petition in the Sixth Circuit, alleging that he was denied the right to a fair trial and procedural due process, and that the trial court failed to consider the mitigating factor of his mental retardation or to order a mental evaluation. (*See* D.E. 13.) The Sixth Circuit denied the application on April 3, 2019.

On October 9, 2018, Leavy appealed the district court's August 2018 order denying his Rule 60(b) motion (D.E. 18), which the Sixth Circuit dismissed as untimely (D.E. 21).

2

<u>THE MOTION</u>

Petitioner asserts that his life sentence is now constitutionally infirm under the Eighth Amendment because he committed his crimes when he was fourteen years old, and the sentencing judge failed to "take into consideration [his] age and related circumstances when he sentenced him to a [seventy-five]-year prison sentence in 1998." (D.E. 22-2 at PageID 181.)  Leavy argues that he is facing an "unconstitutional de facto juvenile life without parole sentence" (*id.* at PageID 183) and that he should be "released into the community after [twenty-five] years of incarceration" (*id.* at PageID 224.)

The inmate relies upon *Miller v. Alabama*, 567 U.S. 460 (2012); *Graham v. Florida*, 560 U.S. 48 (2010); *Roper v. Simmons*, 543 U.S. 551 (2005); and *State v. Booker*, 656 S.W.3d 49 (Tenn. 2022), *cert. denied*, 143 S. Ct. 2663 (2023), to support his claim.  In response, the Respondent, Warden Brian Eller, contends that Leavy raises a claim for relief that he could have presented in his prior Rule 60(b) request and, therefore, that this Court should transfer the Motion to the Sixth Circuit "for that court to consider whether to grant authorization as a second or successive petition." (D.E. 27 at PageID 315.)  Eller submits that, while Petitioner's claim was not ripe when he filed the Petition in 2005, "it ripened before his 2017 Rule 60 motion."  (*Id.* at PageID 319.)  In reply, Leavy posits that the Motion should not be considered as a second or successive § 2254 petition because he could not have raised the claim in an earlier habeas petition. (D.E. 28.)

<u>ANALYSIS</u>

Rule 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

3

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under [Fed. R. Civ. P] 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).   "As a prerequisite to relief under Rule 60(b), a party must establish that the facts of [his] case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment."  *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004) (quoting *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993)).

Here, the Motion has been brought under subsection (6)—the catchall provision.   Rule 60(b)(6) applies only in "exceptional and extraordinary circumstances where principles of equity mandate relief."  *Miller v. Mays*, 879 F.3d 691, 698 (6th Cir. 2018) (citation omitted).   "Such circumstances will rarely occur in the habeas context."  *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).   In addition to exceptional circumstances, "principles of equity [must] *mandate* relief" for subsection (b)(6) to apply.  *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007).   "Accordingly, a movant must show:  (1) lack of prejudice to the non-moving party; (2) a meritorious defense; and (3) lack of culpability for the adverse judgment."  *Travelers Cas. & Sur. Co. of Am. v. J.O.A. Constr. Co., Inc.*, 479 F. App'x 684, 693 (6th Cir. 2012).   Because public policy favors the finality of judgments, relief under Rule 60(b)(6) requires clear and

convincing evidence. *See id.*

"When faced with a Rule 60(b) motion filed in response to the denial of an application for habeas relief, the district court must first determine whether the petitioner is only seeking Rule 60(b) relief or is attempting to file a second or successive habeas application." *Webb v. Davis*, 940 F.3d 892, 897 (5th Cir. 2019) (per curiam) (citing *Gonzalez*, 545 U.S. at 531-32). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §§ 2241 *et seq.*, limits the circumstances under which a state prisoner may file a second or successive application for habeas relief and requires that the prisoner first "move in the appropriate court of appeals for an order authorizing the district court to consider" a second or successive habeas application. 28 U.S.C. § 2244(b)(3)(A). Under the AEDPA, a district court does not have jurisdiction to consider a petitioner's second or successive habeas petition unless the petitioner first obtains authorization from the appropriate court of appeals. *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007). "A motion under Rule 60(b) may be treated as a second or successive habeas petition if necessary to enforce the requirements of the AEDPA." *Tyler v. Anderson*, 749 F.3d 499, 506 (6th Cir. 2014). The necessity arises when the motion "asserts a 'federal basis for relief from the state court's judgment of conviction,' by 'seek[ing] to add a new ground for relief' or 'attack[ing] the federal court's previous resolution of a claim on the merits.'" *Id.* at 506-07 (quoting *Gonzalez*, 545 U.S. at 530) (internal citation and emphasis omitted).

Here, the Motion clearly asserts a new ground for relief. Leavy did not raise an Eighth Amendment challenge to his sentence in the Petition. *See Leavy v. Turner*, No. 05-2916-B/V, 2006 WL 1579553, at *7-21 (W.D. Tenn. June 1, 2006). Thus, the Motion "is in substance a successive habeas petition" and, therefore, "should be treated accordingly." *See Gonzalez*, 545

U.S. at 531.

In his reply, the prisoner maintains that he could not have raised his Eighth Amendment claim "in an earlier habeas petition," (D.E. 28 at PageID 328), relying on the Sixth Circuit's ruling in *In re Hill*, 81 F.4th 560 (6th Cir. 2023) (en banc).   In that case, the Sixth Circuit noted that, if a second or successive petition presents a new claim, a court must "ask whether it was either unripe or ruled unexhausted at the time of the first habeas filing."   *In re Hill*, 81 F.4th at 569.   If the reviewing court concludes that the claim was either unripe or unexhausted, "then the petition isn't 'second or successive.'"   *Id.*

Leavy suggests that he could not have raised his Eighth Amendment challenge to his sentence in the Petition or his first Rule 60(b) motion because his challenge relies upon the Tennessee Supreme Court's decision in *Booker*.   The *Booker* court held that "Tennessee's mandatory sentence of life in prison when imposed on a juvenile homicide offender with no consideration of the juvenile's age and attendant circumstances violates the Eighth Amendment's prohibition against cruel and unusual punishment."   *Booker*, 656 S.W.3d at 68.   The court remedied the constitutional violation by "applying the unrepealed pre-1995 version of section 40-35-501(h)(1)," noting that Booker "remains sentenced to a sixty-year term," but that he was "eligible for, although not guaranteed, supervised release on parole after serving between twenty-five and thirty-six years."   *Id.* at 66.   After serving that amount of time, the Tennessee Supreme Court stated, Booker would "receive an individualized parole hearing in which his youth and other circumstances will be considered."   *Id.* at 53.

In so ruling, the Tennessee Supreme Court relied on, *inter alia*, *Graham*, in which the United States Supreme Court held that the Eighth Amendment prohibits the imposition of a life-

without-parole sentence upon a juvenile who has not committed homicide, and *Miller*, wherein the Supreme Court extended *Graham* and held that mandatory life-without-parole sentences for juveniles convicted of homicide violated the Eighth Amendment. *See id.* at 58-59. *Booker*, therefore, serves as an extension of *Miller* as a matter of state law. However, a § 2254 petition cannot rely on state court rulings as a basis to obtain habeas relief. Instead, relief cannot be granted unless the adjudication of a claim resulted in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. § 2254(d)(1).

Here, because Petitioner's Eighth Amendment challenge to his sentence may turn only upon the application of *Miller* to his claim, his constitutional argument became ripe in 2012, when the Supreme Court issued its decision. He need not have waited until the Tennessee Supreme Court decided *Booker* to raise his Eighth Amendment challenge. Instead, he could have asserted the claim in his prior Rule 60(b) motion.

The restriction on second or successive § 2254 petitions serves "to 'conserve judicial resources, reduce piecemeal litigation,' and 'lend finality to state court judgments within a reasonable time.'" *Banister v. Davis*, 590 U.S. 504, 512 (2020) (quoting *Panetti v. Quarterman*, 551 U.S. 930, 945-46 (2007)) (cleaned up). Because Petitioner's Eighth Amendment claim is clearly a new claim, the Court construes the Motion to be a second or successive § 2254 petition.

<u>CONCLUSION</u>

For the reasons set forth above, this Court has no jurisdiction over Leavy's second or successive § 2254 petition absent authorization from the Sixth Circuit. The Court, therefore, DIRECTS the Clerk to terminate the Motion (D.E. 22) and TRANSFER it to the Sixth Circuit for

consideration of whether Petitioner should be granted authorization to file a second or successive

§ 2254 petition.  *See* 28 U.S.C. § 1631.

      IT IS SO ORDERED this 8th day of January 2026.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

`

8